IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

WILLIAM MANIS,

    Petitioner,   :  Case No. 1:14-cv-057

 - vs -        District Judge Susan J. Dlott
           Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
 Institution,
              :
    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 18) to the Magistrate Judge's Report and Recommendations recommending that the case be dismissed with prejudice (the "Report," Doc. No. 15). District Judge Dlott has recommitted the case for further consideration in light of the Objections (Doc. No. 19).

The Petition pleads six Grounds for Relief. Manis' Objections address only Grounds One, Two, and Three. No further analysis is needed, therefore, on Grounds Four (Double Jeopardy Based on Social Security Determination), Five (Failure to Appoint a Defense Mental Health Expert), and  Six (Double Jeopardy).

**Ground One:  Inability of the Mentally Ill to Plead Guilty**

In his First Ground for Relief, Manis argues his guilty plea was unconstitutional because he is mentally ill (Reply, Doc. No. 13, PageID 422).  The Report concluded that mental illness

1

does not per se invalidate a guilty plea. Rather, a trial court must decide on a case-by-case basis whether a mentally-impaired defendant is able to enter a guilty plea (Report, Doc. No. 15, PageID 433-34). Here the trial court made a mental illness inquiry and found Manis competent and the Twelfth District held that the Social Security Administration's determination that Manis was disabled by a mental impairment was not entitled to *res judicata* effect so as to require an incompetence finding in this criminal case. *Id.,* citing *State v. Manis,* Case No. CA-2011-03-059 (12th Dist. Jan. 8, 2013)(unreported, copy at Return of Writ, Doc. No. 6-1, PageID 253.)

The record is clear that (1) Manis has been found disabled by reason of mental impairment by the Social Security Administration and awarded disability benefits on that basis; (2) Manis initially entered a plea of not guilty by reason of insanity to the kidnapping and rape charges in this case; (3) the trial judge at the time of arraignment ordered that Manis be examined by the Butler County Center for Forensic Psychiatry both as to his competence to stand trial and his sanity at the time of the alleged offenses (Entry Ordering Forensic Evaluation, Return of Writ, Doc. No. 6-1, PageID 79).

There is no United States Supreme Court case law that clearly establishes that a mentally ill person cannot plead guilty to a criminal offense. What the Constitution requires is that a criminal defendant be mentally competent to plead guilty. The same competency standards apply to mental competence to plead guilty as apply to mental competence to stand trial. *Godinez v. Martin*, 509 U.S. 389, 397-98 (1993). After having had Mr. Manis examined by the Forensic Psychiatry Center and upon Manis' attorneys stipulation to the resulting report, Judge Powers found that Manis was competent, applying the *Godinez* standard. A determination that a criminal defendant is competent is a finding of fact entitled to deference in a later habeas corpus proceeding unless rebutted by clear and convincing evidence. *Mackey v. Dutton,* 217 F.3d 399,

413 (6th Cir. 2000).

Manis cites no evidence that he was incompetent to plead except the Social Security determination, which he says is entitled to *res judicata* effect. The Report noted that the Twelfth District Court of Appeals held there was no entitled to *res judicata* effect because the issues in a Social Security disability case are different from those in a criminal case (Report, Doc. No. 15, PageID 434). The Report also cited very recent Sixth Circuit precedent holding that the question of what *res judicata* effect to give a federal finding, even one made by a court as opposed to an administrative agency, was a question for the state courts (Report, Doc. No. 15, PageID 434, citing *Gillispie v. Warden*, 771 F.3d 323 (6th Cir. 2014)).

Manis objects that "United States Supreme Court precedent controls on this issue" (Objections, Doc. No. 18, PageID 455, quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394 (1966)): "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." *Utah Constr. & Mining*, 384 U.S. at 422, *citing Sunshine Coal Co.* v. *Adkins*, 310 U.S. 381 [1940]; *Hanover Bank* v. *United States*, 152 Ct. Cl. 391, 285 F.2d 455 [1961]; *Fairmont Aluminum Co.* v. *Commissioner*, 222 F.2d 622 [1955]; *Seatrain Lines, Inc*. v. *Pennsylvania R. Co.*, 207 F.2d 255 [1953].

Contrary to Manis' assertions, *Utah Constr. & Mining* does not control on this issue. In that case the Supreme Court was deciding what effect a decision of the federal Board of Contract Appeals on a factual question would have in a later case before the United States Court of Claims. Thus the issue was the collateral estoppel effect of a federal administrative agency's finding in a later case involving the same issues and the same parties in a federal court, purely a

3

question of federal common law, not constitutional law.  The case does not speak to the effect of a finding of a federal administrative agency in a later state court criminal case.  *Gillispie*, on the other hand, is directly in point.

Moreover, the general principles of collateral estoppel and *res judicata* do not apply here.  Ordinarily for collateral estoppel effect, the same parties must be involved.  Issue preclusion, or collateral estoppel as it is classically known, precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment, even if decided as part of a different claim or cause of action.  *Taylor v. Sturgell,* 553 U.S. 880 (2008); *Stern v. Mascio*, 262 F.3d  600, 608 (6th Cir. 2001), *quoting Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 918 F.2d  658, 660-61 (6th Cir. 1990).  The issue preclusion doctrine applies only if "(1) the precise issue raised in the present case [was] raised and actually litigated in the prior proceeding; (2) determination of the issue [was] necessary to the outcome of the prior proceeding; (3) the prior proceeding . . . resulted in a final judgment on the merits; and (4) the party against whom [issue preclusion] is sought . . . had a full and fair opportunity to litigate the issue in the prior proceedings."  *Stern,* 262 F.3d  at 608, *quoting Smith v. Securities & Exch. Comm'n,* 129 F.3d  356, 362 (6th Cir. 1997)(en banc).

First of all, the parties to the Social Security case were not the same as in the criminal case.  In an SSI case, if it is ever contested, the defendant is the Administrator of the Social Security Administration, acting on behalf of the United States.  The State of Ohio, the prosecuting entity in the criminal case, was in no way involved in the SSI case.

Secondly, the issues involved were different.  The Report explains this difference:

> In general, the Social Security Administration's determination that Manis was entitled to SSI payments because of his mental condition is a determination that he was unable to be employed in substantial gainful employment as a result of that disability and in

4

> no way a determination that he could not be found competent to stand trial or plead guilty to a crime.

(Report, Doc. No. 15, PageID 434.) Manis objects that "[t]his is an assumption and is not true." (Objections, Doc. No. 18, PageID 455.) With respect, Mr. Manis has had one Social Security disability case, his own, and the undersigned has adjudicated literally thousands of these cases over a thirty-year career as a Magistrate Judge. The issue in a disability case is whether a claimant suffers from some mental or physical impairment which prevents the person from engaging in substantial gainful employment. 42 U.S.C. § 423(d). The facts that the Social Security Administration would consider in determining whether a claimant had a mental impairment would certainly include some of the same facts which a psychiatrist would consider in determining whether the same person was competent to stand trial in a criminal case. But the ultimate finding is quite different – competency and disability are different.

As the second branch of his argument on Ground One, Manis claims he had a constitutional right under *Ake v. Oklahoma,* 470 U.S. 68 (1985). He asserts that his right was to have an independent psychiatrist appointed to assist him at the very moment that Judge Powers recognized his mental status would be an issue, to wit, at arraignment when he pled not guilty by reason of insanity and was referred for an evaluation (Objections, Doc. No. 18, PageID 456-58).[1]

The right to an independent psychiatrist is not a self-enforcing or automatic right. Rather, under *Ake*, there must be a request. In *Ake*, a capital case where the only defense was insanity, defense counsel requested either a psychiatric examination or funds to allow the defendant to arrange one. Both were denied and the Supreme Court reversed. Here Manis' attorney

---

[1] "The trial judge violated Mr. Manis' Constitutional right to a mental health expert by not appointing one to him at that moment." *Id.* at PageID 457.

5

requested a psychiatric examination and received one.  Satisfied with the results, he stipulated that Manis was competent to stand trial.  Manis points to no place in the record where either he or his attorney requested funds to retain a defense psychiatrist.  Instead, defense counsel was satisfied with the results of the Butler County examination.  Manis has no basis for claiming that was ineffective assistance of trial counsel because (1) he never presented that issue to the state courts and (2) he presents no proof that the assistance of a defense psychiatrist would have changed the result.

**Ground Two:  Right to Withdraw Guilty Plea**

In his Second Ground for Relief, Manis asserts that he had a constitutional right to withdraw his guilty plea, in part because he is innocent and in part because the plea was not knowing, intelligent, and voluntary.

The Report points out that there is no constitutional right to withdraw a guilty plea. Rather, a guilty plea will support a conviction if it is knowing, intelligent and voluntary (Report, Doc. No. 15, PageID 434-35).  Furthermore where a trial court, state or federal, scrupulously follows the plea colloquy proceedings required by Criminal Rule 11, there is a strong presumption that the guilty plea should stand. *Id.* at PageID 437.  Judge Powers followed Rule 11 in taking the plea and the required procedure for considering a motion to withdraw a plea.  On that basis the Report recommended that Ground Two be dismissed.  Where a trial court has scrupulously followed the required procedure under Fed. R. Crim. P. 11, "the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), *quoting Moore v. Estelle*, 526 F.2d 690 (5th Cir. 1976).

Manis objects that "my court-appointed trial attorney effectively used a tactic called Coercion which caused me to plead guilty." (Objections, Doc. No. 18, PageID 458.) As pointed out in the Report, the Twelfth District quoted Manis denying on the record and under oath that there was any coercion. *State v. Manis, supra*, ¶ 14. And it finally concluded that Manis' claims that his attorney coerced him were "unsubstantiated." *Id.* at ¶ 19.

In denying the motion to withdraw plea, Judge Powers placed some emphasis on the fact that there was a two-week delay between the plea and motion. Manis' trial attorney confessed that the delay was his fault and that Manis had wanted to withdraw the plea much sooner, so Judge Powers knew that (Objections, Doc. No. 18, PageID 460, quoting trial transcript).

Manis also insists that he is not guilty and he told that to both the examining psychiatrist and his attorney. Judge Powers found that he personally had never heard a protestation of innocence and Manis disputes that, pointing to his not guilty plea and his statement to the psychiatrist. *Id.* at PageID 461. Of course, a plea of not guilty is not a protestation of innocence, but a formal pleading which, unless withdrawn, puts the State to its proof. And whatever Manis may have told the psychiatrist, he told Judge Powers, under oath, that he was prepared to admit his guilt by pleading guilty. By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Whether a guilty or no contest plea is or is not voluntary is a mixed question of fact and law, but state court historical factual findings underlying the determination are entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *Parke v. Raley*, 506 U.S. 20 (1992). The state courts' determination that Manis' plea was knowing, intelligent, and voluntary is entitled to

7

deference in this Court, both because the factual portions are not belied by the record and the legal conclusions are not an objectively unreasonable application of clearly established Supreme Court precedent.

**Ground Three:  Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Petitioner asserts his trial attorney provided ineffective assistance of trial counsel in four ways: (1) subjecting him to a competency evaluation at which counsel was not present and at which he could incriminate himself, 2) previously representing a family member of the victim, 3) expressing sympathy toward the victim, and 4) failing to discuss his trial defenses.

The Report found that the first three sub-claims were without merit and the fourth sub-claim was procedurally defaulted (Doc. No. 15, PageID 437-44).  Manis objects that his trial attorney's failure to file the motion to withdraw for thirty-five days constitutes deficient performance in violation of the Ohio Rules of Professional Conduct (Objections, Doc. No. 18, PageID 462).  This is simply not one of the grounds of ineffective assistance of trial counsel pled in the Petition or previously presented to the Ohio courts.  It is procedurally defaulted on that basis.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this

conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 14, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).